UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM AYCOX, | : |
| Plaintiff, | : Civil Action No. 08-751 (JAP) |
| v. | : **OPINION** |
| CITY OF ELIZABETH, et al. | : |
| Defendants. | : |

Plaintiff brings this action against the City of Elizabeth (the "City"), City of Elizabeth Police Department ("Police Department"), and Officer John Monages ("Monages," collectively "Defendants") alleging that Defendants violated his civil rights when he was arrested and detained in late 2006. The case was originally filed in state court and the City of Elizabeth removed the matter to this Court. Presently before the Court is Plaintiff's motion to remand the case to state court. For the reasons set forth below, Plaintiff's motion is denied.

**Procedural Background**

On January 24, 2008, Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. MON-L-436-08. The City was served with the summons and complaint on February 6, 2008. Notice of Removal at ¶ 2. Shortly thereafter, on February 13, 2008, the City timely filed a Notice of Removal ("Notice") in the district court. The Notice was filed on behalf of the City only,[1] but the Notice states that the City's

---

[1] Although the issue was not raised by the Plaintiff, the Court notes that the Notice of Removal is silent as to the Police Department. However, "[i]n New Jersey a municipal police department is not an entity separate from the municipality." *See Adams v. City of Camden*, 461

counsel had spoken with counsel for defendant Monages, who "has no objection to this matter being removed to [the] United States District Court and in fact consents to same." Notice at ¶ 8.

On February 27, 2008, an answer to the complaint was filed by the City and Police Department. On March 4, 2008, Monages answered the complaint. About a week later, on March 10, 2008, Plaintiff filed the present motion to remand, arguing that Defendants' removal was procedurally flawed because defendant Monages had not expressly consented to removal in writing and, further, that Monages was out of time to file such consent. In response to Plaintiff's motion, on March 11, 2008, Monages filed a "Consent to Removal," and now argues that such consent was not untimely because he was never formally served with the summons and complaint in this matter.

**Legal Discussion**

On a motion to remand, the removing party bears the burden of establishing the propriety of removal. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). Further, "removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand." *Id.* Where there are multiple defendants in an action, all must consent to removal of the action. *See Lewis v. Rego*, 757 F.2d 66, 68 (3d Cir.1985). "[I]it is well established that removal generally requires unanimity among the defendants." *Balazik v.*

---

F. Supp. 2d 263, 266 (D.N.J. 2006) (citing N.J.S.A. § 40A:14-118 (municipal police department is "an executive and enforcement function of municipal government")). Consequently, the Court finds that this omission does not affect the validity of the removal. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213 n. 4 (3d Cir.1995) ("The rule of unanimity may be disregarded where . . . a non-joining defendant is . . . [a] nominal party.")

2

*County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).  In the present case, Plaintiff asserts removal was defective because Monages failed to timely consent to the removal.  Specifically, Plaintiff asserts that Monages's oral consent to counsel for the City, as set forth in the Notice, was not legally sufficient and, further, that the written consent filed by Monages was untimely.

Plaintiff is correct that "a representation by one defendant in a notice of removal that other defendants consent is not, in and of itself, legally sufficient" to satisfy the unanimity requirement for removal.  *Sovereign Bank v. Park Dev. West, LLC*, No. 06-2603, 2006 WL 2433465, *1 (E.D. Aug. 17, 2006)*; Michaels v. New Jersey*, 955 F.Supp. 315, 321 (D.N.J. 1996) (citing cases).  While every defendant is not required to sign the removal notice, each defendant must provide "unambiguous written evidence of consent to the court in a timely fashion." *Michaels*, 955 F. Supp. at 321.  Relying on case law from outside of the Third Circuit only, Plaintiff argues that Monages was required to file this written consent with the Court within 30 days from the time the *first* Defendant – the City – was served.  *See Smith v. Union Nat'l Life Ins. Co.*,187 F. Supp. 2d 635, 641-647 (D.Miss. 2001).  Although *Smith* held that all defendants must join in a petition for removal no later than thirty days from the date the first defendant was served, the court in that case noted that there is "a split among the authorities as to whether the thirty-day period runs from the date of service upon the first defendant to be served or the date upon which each individual defendant is served." *Id.* at 640 n.2 (citing *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir.1988) and *McKinney v. Board of Trustees of Mayland Community College*,

955 F.2d 924, 928 (4th Cir.1992)).  Neither the Supreme Court nor the Third Circuit has spoken on the issue.  Plaintiff urges the Court to follow *Smith*, and argues that that Monages was required to file his written consent with the Court on or before March 7, 2008.

Defendants respond by stating that Monages had not been served at the time the removal petition was filed, and as such he was not required to join in the petition for removal. *See Reeser v. NGK Metals Corp.*, 247 F. Supp. 2d 626, 631 (E.D. Pa. 2003) (consent not required from defendants not served with complaint by the time of removal); *Kopff v. World Research Group, LLC*, 298 F.Supp.2d 50, (D.D.C. 2003) (same).  Alternatively, if the Court were to find that Monages consent to removal was required, Defendants urge the Court reject the rule applied in *Smith* and, rather, follow other district courts in this Circuit that have held that the thirty day period to join in a removal petition begins to run on the date upon each individual defendant is served.  *See, e.g., Lemon v. MTS, Inc.*, No. C.A. 01-2730, 2001 WL 872639 (E.D. Pa. 2001) (following *McKinney v. Bd. of Trustees*, 955 F.2d 924, 928 (4th Cir. 1992), which held that each defendant has thirty days from service upon it to join in removal); *Shadie v. Avantis Pasteur, Inc.*, 254 F.Supp.2d 509, 515 (M.D. Pa. 2003) (consent was timely where each defendant expressed consent within thirty days of its service).

While the Court agrees with Defendants that the better reasoned rule, and the rule that would most likely to be adopted by the Third Circuit, is the rule that gives each defendant thirty days from the time he is served to consent to removal, it is unnecessary for the Court to adopt either rule.  As discussed below, the Court finds that Monages had not been formally served prior to removal of the case.

4

Plaintiff does not dispute, but rather, admits that his process server did not formally serve Monages. However, Plaintiff points out that Monages nevertheless "became aware of Plaintiff's Complaint and hired an attorney to represent his interests." Reply at 4. Because counsel for Monages spoke to the City's counsel, orally consented to removal and ultimately filed an answer in this case, Plaintiff infers that Monages must have gotten a copy of the complaint somehow and therefore, it is Plaintiff's argument that Monages has been served. It is Plaintiff's position that the individual who gave Monages a copy of the complaint – whoever that unknown individual may be – acted a Plaintiff's agent and effectuated service.

Simply put, Plaintiff's argument fails. As Plaintiff does not know how Monages got a copy of the complaint, he cannot establish that proper service was made under New Jersey Court Rules. Indeed, here Plaintiff does not appear to know who gave Monages a copy of the complaint, when Monages got this copy, how Monages got this copy and whether the complaint was properly accompanied by the summons. Further, to argue that the unknown supplier of the complaint to Monages was an "agent" of Plaintiff that effected service utterly ignores the fundamentals of agency law. *See, e.g.*, Restatement (Third) of Agency § 1.01 ("Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.").

In sum, it is clear that Monages was never properly served in this action. Therefore,

his consent to the removal to federal court was not required.[2] *Johnson v. Vertis, Inc.*, No. 02-6711, 2002 WL 31388817, at *1 (E.D.Pa. Oct. 23, 2002) (an exception to the unanimity rule "provides that 'defendants who have not been served with the initial pleadings pursuant to 28 U.S.C. § 1446(b) at the time the notice of removal is filed are also not required to join in the notice of removal or otherwise consent to removal.'"); *Johnson v. Sec'y of Pa. Dep't of Corrections.*, 2000 WL 136802, at *2 (E.D.Pa. Feb.7, 2000) (same); *Ogletree v. Barnes*, 851 F.Supp. 184, 187 (E.D.Pa.1994) (same); Moore's Federal Practice - Civil § 107.11[d] (2007) ("Any defendant that was not served with state court process need not join in the notice of removal."); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (In holding that a defendant's time to remove a case to federal court does not begin until that defendant is formally served, the Court held that service of process "is fundamental to any procedural imposition on a named defendant," which suggests that no procedural demands may be put on a defendant until proper service has been made, including requiring a defendant to consent to join in the notice of removal). As such, Plaintiff's motion to remand is denied.

**Conclusion**

For the reasons above, Plaintiff's motion to remand is denied. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

---

[2] A defendant who has not been served at the time of removal and who would otherwise not consent to removal may exercise his right to move to remand the case to state court after service is effected on him. *See* 28 U.S.C. § 1448. Monages did not exercise this right, but rather, filed written notice confirming that he consented to the removal.