UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WILLIAM AYCOX,

        Plaintiff,

v.

CITY OF ELIZABETH, et al.

        Defendants.

Civil Action No. 08-751 (JAP)

**OPINION**

PISANO, District Judge.

      Plaintiff William Aycox, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against the City of Elizabeth, the City of Elizabeth Police Department, and Officer John Monages (collectively "Defendants") alleging certain civil rights violations. Presently before the Court are motions to dismiss and for summary judgment by Defendants City of Elizabeth, the Elizabeth Police Department, and John Monagas (collectively, "Defendants"). Defendants seek dismissal of the complaint on several grounds. First, Defendants allege that Plaintiff has failed to comply with the Court's order to appear for a deposition by March 20, 2009 and, therefore, dismissal is warranted. Second, Defendants contend that the undisputed facts show that they are entitled to summary judgment on all claims as Plaintiff has presented no evidence supporting his claims. Last, Officer Monagas alleges he is entitled to qualified immunity as well as immunity under the provisions

of New Jersey's Domestic Violence Act. For the reasons below, Defendants' motions are granted Plaintiff's complaint is dismissed.

**I.  Summary Judgment**

The Court first addresses Defendants' motions for summary judgment. A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party may not simply rest on its pleadings, but must offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of

the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

The undisputed facts in this case are as follows:

The evening of December 25, 2006, Officers John Monagas and his partner, Officer McKeown of the Elizabeth Police Departement were dispatched an apartment in Elizabeth on a report of a domestic disturbance. Certification of John Monagas ("Monagas Cert.") ¶ 2,3. Upon arrival at the scene, a victim complained of injuries reportedly a result of a physical assault by Plaintiff Aycox. *Id.* ¶ 4. The victim stated that Aycox owned a gun and kept it in the apartment. *Id.* ¶ 5. Aycox confirmed that the gun was in the bedroom, and gave the officers permission to enter the premises. *Id.* ¶ 7. A .44 caliber handgun and ammunition was found in the closet, and a computer check run by Officer McKeown found no record of a firearms purchaser ID card issued to Plaintiff. *Id.* ¶ 8, 11. Monagas contacted the Union County Prosecutor's Office and received approval for the charges of simple assault, possession of a weapon for an unlawful purpose and possession of hollow point rounds. *Id.* ¶ 12. Plaintiff was arrested pursuant to the New Jersey Domestic Violence Act, N.J.S.A. 2C:25-21a. *Id.* ¶ 13.

Plaintiff's complaint, although somewhat confusingly drafted, appears to be alleging that Defendants falsely arrested Plaintiff, engaged in malicious prosecution, civil conspiracy, and "inadequate training and supervision," and thereby violated Plaintiff's civil rights under

the state and federal constitutions. However, the undisputed facts show that Defendants are entitled to summary judgment on all claims. Plaintiff, who has opposed Defendants' motion with only a short three-paragraph memorandum, has produced no evidence to show that there exists a genuine issue of material fact that would preclude summary judgment in this case.

For example, Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States. *DeBellis v. Kulp*, 166 F.Supp.2d 255, 264 (E.D. Pa. 2001). The undisputed facts as set forth above support defendants' claims that no violation of Plaintiff's constitutional rights occurred, and Plaintiff has not produced any evidence from which a jury could conclude otherwise. Plaintiff has likewise produced no evidence of a conspiracy by Defendants to "subject Plaintiff to false arrest, false imprisonment and/or malicious prosecution." Compl. ¶ 2 under the heading "Civil Conspiracy."[1]

To recover against a municipality, a plaintiff must "demonstrate that municipal policymakers, acting with deliberate indifference or reckless indifference, established or maintained a policy or well-settled custom which caused a municipal employee to violate plaintiffs' constitutional rights and that such policy or custom was the 'moving force' behind the constitutional tort." *Hansell v. City of Atlantic City*, 152 F.Supp.2d 589, 609 (D.N.J.2001). A municipality may be liable if an employee acts unconstitutionally and the municipality failed to adequately train or supervise that employee. *City of Canton v. Harris*,

---

[1] The pages of Plaintiff's complaint are unnumbered, and the paragraph numbering begins anew under each heading. The Court, therefore, identifies the relevant provision by the combination of heading and paragraph number.

489 U.S. 378, 380, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).  Even if there were some evidence of an unconstitional act, Plaintiff has offered no evidence of a policy or custom, or of the municipality's failure to adequately train its employees, to establish a genuine issue of material fact as to his § 1983 claim against the City of Elizabeth.

Plaintiff's § 1983 claim against the Police Department further fails because the Police Department cannot be sued.  "In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *DeBellis v. Kulp*, 166 F.Supp.2d 255, 264 (E.D.Pa.2001).  Because the Police Department is merely an arm of the Township, Plaintiff's claim against the department cannot stand.  *See* N.J.S.A. 40A:14-118 (proclaiming that New Jersey police departments are "an executive and enforcement function of municipal government.").

Plaintiff's §1985 claims similarly fail.  To establish under 42 U.S.C. § 1985(3), which imposes civil liability on individuals who conspire to deprive "any person ... of the equal protection of the laws, or of equal privileges and immunities under the laws," Plaintiff was required to demonstrate that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [motivated] the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).  However, the record in this case is devoid of any evidence that any Defendant acted with discriminatory intent or otherwise targeted Plaintiff because of his race.

Plaintiffs remaining claims are similarly unsupported by the requisite evidence.  *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (a non-moving party may not simply rest on its pleadings, but must offer admissible evidence that establishes a genuine issue of material fact).  Consequently, Plaintiff's complaint is dismissed.

## II.  Failure to Comply and Failure to Prosecute

Alternatively, had the Court not found summary judgment in favor of defendants to be warranted, the Court would have dismissed this matter under Federal Rule of Civil Procedure 41(b), as Plaintiff has failed to comply with discovery orders and failed to prosecute his case.

The parties had originally scheduled Plaintiff's deposition in this matter for January 2009.  The deposition was adjourned at Plaintiff's request because Plaintiff's mother became ill.  According to Defendants, Plaintiff advised both the Court and counsel that he would contact them by February 1, 2009, to reschedule the deposition.  He did not contact defense counsel until February 16, 2009, at which time he refused to schedule a deposition date and stated that he was attempting to obtain new counsel.[2]  Shortly thereafter, defense counsel contacted Magistrate Judge Bongiovanni in an attempt to resolve the discovery impasse. Judge Bongiovanni entered an order directing Plaintiff to contact defendants immediately to schedule his deposition and that the deposition must take place before March 20, 2009.  It appears that as of the date of this Opinion, Plaintiff has not appeared for a deposition.

In response to Defendants' motion, by a memorandum dated May 20, 2009, Plaintiff apologized to the Court and provided various explanations for his failure to comply with the Court's order.  However, during the time that this motion has been pending, there is no

---

[2]An order relieving Plaintiff's counsel had been entered five months earlier, on September 19, 2008, and thereafter Plaintiff proceeded *pro se*.

6

indication that Plaintiff has made any attempt whatsoever to proceed with his case and schedule his deposition.

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). When considering a motion to dismiss pursuant to Rule 41(b), the Court weighs the six factors identified by the Court of Appeals in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984). Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.

Considering this six factors, the Court finds sufficient grounds to dismiss Plaintiff's complaint. As to the first factor, being that Plaintiff is proceeding *pro se*, he is personally responsible for complying with all discovery obligations and orders of the Court. Thus, this factor weighs in favor of dismissal.

The second *Poulis* factor, namely, "the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery," likewise indicates that dismissal is appropriate. Here, Plaintiff has prevented discovery from proceeding and, thus, has prevented this action from proceeding. As a result of Plaintiff's conduct, Defendants have not been able to fully develop their defenses and were prevented at times from complying with the Court's scheduling orders regarding the filing of dispositive motions.

With the third factor, the Court examines the history of Plaintiff's dilatoriness. Here,

the record shows a pattern of non-compliance on the part of Plaintiff. Further, although Plaintiff has provided the Court with various excuses for his noncompliance, given the number of times and the amount of time that Plaintiff has had the opportunity to comply, (including the time during which this motion was pending when Plaintiff was on notice that his case could be dismissed for failure to comply), the Court can conclude only that Plaintiff's actions are willful and that alternative sanctions will not be effective. Thus, the fourth and fifth factors also weighs in favor of dismissal.

Last, as discussed above with respect to Defendants's summary judgment motion, Plaintiff has failed to establish that his claims have even arguable merit. This last factor, therefore, weighs in favor of dismissal. Consequently, the Court alternatively dismisses the complaint for Plaintiff's failure to comply with the Court's order and failure to prosecute.

### III.  Conclusion

For the reasons set forth above, Defendants' motions are granted and the complaint is dismissed.[3] An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO  
United States District Judge

Dated: December 1, 2009

---

[3] In light of the Court's decision as set forth above, it need not reach Defendants' remaining arguments.